# ARNOLD I. KALMAN
ATTORNEY AT LAW
MEMBER OF PENNSYLVANIA AND NEW YORK BARS

**MEMO ENDORSED**

245 SOUTH HUTCHINSON STREET
PHILADELPHIA, PA 19107

TELEPHONE (215) 829-9613
FAX (215) 829-9619
E-MAIL arnold.i.kalman@verizon.net



December 17, 2007

*Come in for a Rule 16 conference — or 1/25/08 @ 11:00 a.m.*
*Colleen McMahon*
*12/17/07*

Via Telecopy To 1-212-805-6326

Hon. Colleen McMahon
United States District Judge
Daniel Patrick Moynihan
United States Courthouse
500 Pearl St., Room 640
New York, NY 10007

    Re:   *Dr. Irakli Glonti and David Dateshidze v. Lehman Brothers, Inc. and RBC Dain Rauscher, Inc., In The United States District Court For The Southern District Of New York, No. 07 CIV 10975 (CM)(AJP)*

Dear Judge McMahon:

    I represent the plaintiffs, Dr. Irakli Glonti and David Dateshidze, in the above-captioned action. Their complaint alleges violations of federal law, including securities fraud (for example, "churning" and unauthorized and excessive trading their customers' accounts) and common law claims, including those for fraud, breach of fiduciary duty and failure to supervise and control.

    I transmitted to Theodore A. Krebsbach, counsel defendant Lehman Brothers Inc. and Brian F. Amery, Esquire, counsel for defendant RBC Dain Rauscher, Inc., the Court's Order Scheduling an Initial Pretrial Conference, dated December 7, 2007, and the accompanying Civil Case Management Plan, as instructed to do.

    And I have discussed with Messrs. Krebsbach and Amery accommodating their requests for additional time in which to respond to the complaint and, at the same time, having them address my request that the Civil Case Management Plan be completed within the time in which the Court's Order directed.

Hon. Colleen McMahon
December 17, 2007
Page 2

  Because of Mr. Krebsbach's holiday travel plans, he requested to have through January 31, 2008 to serve plaintiffs with Lehman Brothers Inc.'s motion to compel the arbitration of the their claims. I consented to his request so long as I could have three weeks in which to respond, instead of two weeks, because my clients are overseas and I anticipate I would need to obtain from them their declarations for purposes of defeating the motion.

  Mr. Amery made the same request and he anticipated, in addition, bringing a motion to dismiss the RICO Count being alleged by plaintiffs against RBC Dain Rauscher Inc. And I also consented to his request so long as I have three weeks in which to respond which would include the time needed to obtain declarations from my clients to address the motion.

  I discussed with Messrs. Krebsbach and Amery staggering the filing dates of their motions so one would be served one week after the other.

  Because of this, I modified the Civil Case Management Plan and triggered the discovery compliance and cut-off dates on date of the Court's disposition of the last defendant's motion. And I took the liberty of extending the discovery period from 6 months to 7 months, in anticipation of discovery disputes and as well the plaintiffs being overseas.

  Messrs. Krebsbach and Amery do not believe completion of the Civil Case Management Plan is at all necessary for now and the Plan's completion can await the outcome of the Court's disposition of their respective motions.

  I believe otherwise and take the position the Civil Case Management Plan should be completed now and along the lines I have proposed, since, <u>first</u>, the Court's Order directs such a Plan be submitted by January 6, 2008, and second, I anticipate the defendants' motions will be denied, and the case thereafter should proceed forthwith, and I expect that without the Civil Case Management Plan in place it will linger unnecessarily. I am attaching the draft of the Civil Case Management Plan that I transmitted to Messrs. Krebsbach and Amery and about which we discussed.

  Thus counsel are at an impasse for which the Court's intercession is required.

Hon. Colleen McMahon
December 17, 2007
Page 3

      If the Court should require the appearance of counsel to discuss this issue with the Court, I do not believe there would be an objection.

                               Respectfully yours,

                               ARNOLD I. KALMAN

cc:    Theodore A. Krebsbach, Esquire, *via telecopy to 1-212-825-9828*
        Brian F. Amery, Esquire, *via telecopy to 1-973-514-1660*