| USDS SDNY |
| --- |
| DOCUMENT |
| ELECTRONICALLY FILED |
| DOC #: _____ |
| DATE FILED: 12/17/07 |

# KREBSBACH & SNYDER

A Professional Corporation

ATTORNEYS AT LAW

ONE EXCHANGE PLAZA
55 BROADWAY, SUITE 1600
NEW YORK, NEW YORK 10006
(212) 825-9811

www.krebsbach.com

FAX: 212-825-9828                                                  info@krebsbach.com

## MEMO ENDORSED

December 17, 2007

*[Handwritten note:]* 12/17/07 I agree that the motion to compel gets decided first. Your schedule is overly generous. It is a simple motion. Movant by 1/4/08, response by 1/11/08, reply by 1/18/08.

Via Facsimile

Hon. Collen McMahon
United States District Judge
United States District Court
for the Southern District of New York
500 Pearl Street
New York, New York 10007

Re:  Dr. Irakli Glonti and David Dateshidze v.
     Lehman Brothers, Inc. and RBC Dain Rauscher, Inc..
     U.S. District Court, S.D.N.Y.  07 CV 10975 (CM) (AJP)

Dear Judge McMahon:

We represent defendant Lehman Brothers, Inc. in the above referenced matter, and we write this letter jointly with counsel for defendant RBC Dain Rauscher, Inc. The defendants seek an immediate conference with the Court to address the issues raised by plaintiffs' letter of today's date and the Court's December 7 Order (the "Order").

As plaintiffs' state in their letter, both defendants intend to move to compel arbitration of the claims alleged against them in the Complaint. Plaintiffs' claims arise out of activities in the brokerage accounts they maintained with defendants, and plaintiffs entered into written agreements to arbitrate any such claims.

All parties agree that the motion to compel arbitration should be resolved as a threshold matter, and that discovery should be postponed until after the resolution of the motion to compel, if necessary. The parties also recognize that, in light of the time required for the resolution of the motion to compel, relief should be granted from the

Hon. Colleen McMahon
December 17, 2007
Page 2 of 2

directive in the Order that the parties enter into a Case Management Plan requiring the completion of all discovery within six months of the date of the Order. Although plaintiffs suggest extending the discovery deadline one additional month to seven months from the date of the Order, it is impossible to know at this juncture how long it will take to resolve the motion. We propose that setting a schedule for the completion of discovery be postponed until after the resolution of the motions to compel, if necessary.

Plaintiffs' proposal also does not address defendants' time to answer the 156-page complaint (which is now due December 26) -- as opposed to the date for filing the motion to compel. We propose that the deadline for filing an answer, if necessary, be extended until after the resolution of the motion to compel. We understand that plaintiffs do not object to this request.

We are in agreement with plaintiffs on the proposed deadline for defendants to file their respective motions to compel arbitration: on or before January 31, 2008, and on the deadline for plaintiffs' opposition papers: on or before February 21, 2008. Plaintiffs' proposal, however, makes no provision for reply papers. We propose that they be submitted on or before March 13, 2008.

I will be out of the country on a two-week vacation beginning next week. We are available any time this week at the Court's convenience for an in-person or telephonic conference to address these issues.

Respectfully submitted,

Theodore Krebsbach

cc:   Arnold I. Kalman, Esq. (via facsimile)
      Brian Amery, Esq. (via facsimile)