UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X

DR. IRAKLI GLONTI and DAVID DATESHIDZE,

       Plaintiffs,

 - against -             07 CV 10975 (CM)

LEHMAN BROTHERS, INC. and
RBC DAIN RAUSCHER, INC.

       Defendants.
-------------------------------------------------------------------X

## MEMORANDUM OF DEFENDANT LEHMAN BROTHERS, INC. IN SUPPORT OF ITS MOTION TO COMPEL ARBITRATION

Krebsbach & Snyder, P.C.
One Exchange Plaza
55 Broadway, Suite 1600
New York, N.Y. 10025
(212) 362-6084

# TABLE OF CONTENTS

PAGE

Preliminary Statement..........................................................................................1

The Allegations of the Complaint.........................................................................2

The Arbitration Agreements .................................................................................3

ARGUMENT

PLAINTIFFS' CLAIMS AGAINST LEHMAN BROTHERS
MUST BE COMPELLED TO ARBITRATION.................................................4

Conclusion ............................................................................................................6

## TABLE OF AUTHORITIES

PAGE

*Ace Capital Re Overseas Ltd. v. Central United Life Ins. Co.*
    307 F.3d 24 (2d Cir. 2002)..................................................................................5

*Currency Conversion Fee Antitrust Litigation*
    265 F.Supp. 2d 385 (S.D.N.Y. 2003)....................................................................5

*Dean Witter Reynolds Inc. v. Byrd*
    470 U.S. 213, 105 S. Ct. 1238, 84 L. Ed.2d 158 (1985).......................................4

*Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*
    460 U.S. 1, 103 S. Ct. 927, 74 L. Ed. 2d 765 (1983)...........................................5

*Shearson/American Express Inc. v. McMahon*
    482 U.S. 220, 107 S. Ct. 2332, 96 L. Ed.2d 185 (1987)...................................4, 5

*United Steelworkers of Am. v. Warrior & Gulf Navigation Co.*
    363 U.S. 574, 80 S. Ct. 1347, 4 L. Ed. 2d 1409 (1960).......................................5

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X

DR. IRAKLI GLONTI and DAVID DATESHIDZE,

                Plaintiffs,

- against -                                        07 CV 10975 (CM)

LEHMAN BROTHERS, INC. and
RBC DAIN RAUSCHER, INC.

                Defendants.
------------------------------------------------------------------X

## MEMORANDUM OF DEFENDANT LEHMAN BROTHERS, INC. IN SUPPORT OF ITS MOTION TO COMPEL ARBITRATION

### Preliminary Statement

The claims of plaintiffs Dr. Irakli Glonti ("Glonti") and David Dateshidze ("Dateshidze") (collectively, "Plaintiffs") against defendant Lehman Brothers, Inc. ("Lehman Brothers") must be stayed and compelled to arbitration in accordance with the parties' written agreements and the provisions of the Federal Arbitration Act, 9 U.S.C. § 1 *et seq.* ("FAA").

Plaintiffs' claims against Lehman Brothers are based on alleged wrongdoing in the brokerage accounts Plaintiffs each maintained at the firm. Plaintiffs have brought suit in this forum despite the fact that, when they opened their respective accounts with Lehman Brothers, each signed a written agreement containing an arbitration clause. The arbitration clause is broad and requires arbitration of, among other things, "any controversy . . . arising out of or relating to any of [Plaintiffs'] accounts." The instant dispute plainly falls within the broad scope of the arbitration agreement.

The FAA provides that written agreements to arbitrate are "valid, irrevocable and enforceable," and the rulings of the United States Supreme Court and the Court of Appeals for the Second Circuit have erased any doubt about the enforceability of arbitration agreements. Pursuant to the provisions of the FAA and the governing case law, the Court is required to stay the claims against Lehman Brothers and compel them to arbitration.

### The Allegations of the Complaint

The claims for relief against Lehman Brothers are for alleged violation of Section 10(b) of the Exchange Act, 15 U.S.C. § 78j(b) and Rule 10b-5 promulgated thereunder, 17 C.F.R. §240.10b-5, violation of Section 20(a) of the Exchange Act, 15 U.S.C. § 78t(a), fraud, breach of fiduciary duty, failure to supervise, negligent misrepresentation, gross negligence, and misappropriation and conversion. *See* Complaint,[1] Requests for Relief, page 154. All of these claims are based on allegations of wrongdoing in connection with Plaintiffs' accounts with Lehman Brothers.

Specifically, as set forth in the Complaint, the alleged misconduct by Lehman Brothers includes misrepresentations in connection with the opening of the Plaintiffs' accounts and the trading therein; purchasing and selling unsuitable securities in the Plaintiffs' accounts; excessively trading securities in Plaintiffs' accounts; misrepresentations and overstatements of the value of Plaintiffs' accounts; the sending of falsified account statements to Glonti; deceiving Plaintiffs to transfer additional funds and securities into their accounts; forging signatures for the purposes of making unauthorized transfers of funds from Plaintiffs' accounts; and failing to exercise proper

---

[1] A copy of the Complaint is annexed as Exhibit A to the accompanying declaration of Geoffrey Valentino ("Valentino Dec.")

2

supervision in connection with Plaintiffs' accounts. These allegations are all set forth in Plaintiffs' "overview" of the accounts set forth in paragraphs 5 and 6 of the Complaint.

### The Arbitration Agreements

Plaintiff Glonti affirmatively alleges in the Complaint that he "undertook to open an account at Lehman Brothers," and signed the account opening forms. Complaint ¶¶ 159, 163. Similarly, plaintiff Dateshidze affirmatively alleges that he opened an account with Lehman Brothers and signed the account opening forms. Complaint ¶¶ 261-63.

Specifically, both Plaintiffs signed Client Agreements when they opened their accounts with Lehman Brothers. Copies of the Client Agreements signed by Glonti and Dateshidze are annexed to the accompanying Declaration of Geoffrey Valentino as Exhibits B and C, respectively.

The Client Agreements state at the top right in bold letters:

> **Before you sign this agreement, read it thoroughly and return this completed and signed agreement to Lehman Brothers at the address on the left side of this page.**

Valentino Dec., Exs. B & C (emphasis in original).

The Client Agreements state at paragraph B:

> **Client Acknowledgement:** I (We) hereby acknowledge that I (we) have read, understand and agree to the terms of this agreement. . . . . **I (We) acknowledge that I (we) have received a copy of the agreement which contains a pre-dispute arbitration clause at Paragraph 22: I (We) have read it and agree to its terms.**

*Id.* (emphasis in original).

Plaintiffs' signatures are set forth directly below the acknowledgements in their respective agreements. *Id.*

Paragraph 22 of the written agreement contains a broad arbitration clause that states in pertinent part:

3

> **Any controversy: (1) arising out of or relating to any of my accounts with you, maintained individually or jointly with any other party, in any capacity; or (2) with respect to transactions of any kind executed by, through or with you, your officers, directors, agents and/or employees; or (3) relating to my transactions or accounts with any of your predecessor firms by merger, acquisition or other business combination from the inception of such accounts; or (4) with respect to this agreement or any other agreements entered into with you relating to my accounts, or the breach thereof, shall be resolved by arbitration conducted only at the NYSE, NASD, or AMEX or any other self-regulatory organization ("SRO") subject to the jurisdiction of the Securities and Exchange Commission and pursuant to the arbitration procedures then in effect at any such exchange or SRO as I elect.**

Valentino Dec. Exs. B & C (bold emphasis in original).

## ARGUMENT

### PLAINTIFFS' CLAIMS AGAINST LEHMAN BROTHERS MUST BE COMPELLED TO ARBITRATION

The FAA mandates that the Court enforce the parties' written arbitration agreements.

The FAA applies to any written agreement to arbitrate "in any maritime transaction or a contract evidencing a transaction involving commerce," and the statute mandates that written provisions to arbitrate "shall be valid, irrevocable, and enforceable." 9 U.S.C. § 4. Based on the plain language of the FAA, the United States Supreme Court has concluded that the statute leaves no room for discretion but rather *requires* district courts to direct parties to proceed to arbitration with respect to those issues that are subject to a valid arbitration agreement. *Dean Witter Reynolds Inc. v. Byrd*, 470 U.S. 213, 218, 105 S. Ct. 1238, 1241, 84 L. Ed.2d 158, 163 (1985).

The Supreme Court long ago resolved any dispute over the enforceability of arbitration agreements entered into between brokerage firms and their customers. *See Shearson/American Express Inc. v. McMahon*, 482 U.S. 220, 107 S. Ct. 2332, 96 L.

4

Ed.2d 185 (1987) (holding that customer's 10(b)-5 and RICO claims against brokerage firm must be sent to arbitration under the terms of the parties' agreement). Therefore, the arbitration provisions at issue must be enforced under the terms of the FAA.

The Supreme Court has made clear that under the FAA <u>all</u> doubts concerning the scope of arbitrability are to be resolved in favor of arbitration:

> Section 2 is a congressional declaration of a liberal federal policy favoring arbitration agreements, notwithstanding any state substantive or procedural policies to the contrary . . . . The Arbitration Act establishes that, as a matter of federal law, <u>any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration</u>, whether the problem at hand is the construction of the contract language itself or an allegation of waiver, delay or a like defense to arbitrability.

*Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24-25, 103 S. Ct. 927, 941, 74 L. Ed. 2d 765, 785 (1983) (emphasis added).

The courts in the Second Circuit are in accord, and recognize the liberal policy favoring arbitration that is embodied in the FAA. *See, e.g., Ace Capital Re Overseas Ltd. v. Central United Life Ins. Co.*, 307 F.3d 24, 29 (2d Cir. 2002) ("'There is a strong federal policy favoring arbitration as an alternative means of dispute resolution' . . . . In accordance with that policy, where, as here, the existence of an arbitration agreement is undisputed, doubts as to whether a claim falls within the scope of that agreement should be resolved in favor of arbitrability.") (citations omitted); *In Re Currency Conversion Fee Antitrust Litigation,* 265 F.Supp. 2d 385, 400 (S.D.N.Y. 2003) (stating that "arbitration must be compelled 'unless it may be said with positive assurance that the arbitration clause is not susceptible of an interpretation that covers the asserted dispute.'") (quoting *United Steelworkers of Am. v. Warrior & Gulf Navigation Co.*, 363 U.S. 574, 582-83, 80 S. Ct. 1347, 1353, 4 L. Ed. 2d 1409, 1417 (1960)).

In this case, Plaintiffs acknowledge that they opened brokerage accounts with Lehman Brothers and signed new account agreements. Complaint ¶¶ 159, 261-63. Those agreements contain a broad arbitration clause requiring Plaintiffs to arbitrate "any controversy" "arising out of or relating" to their accounts or "any controversy" "with respect to transactions of any kind executed by, through or with" Lehman Brothers. The claims alleged in the Complaint arise out of or relate to Plaintiffs' accounts with Lehman Brothers and/or transactions executed by, through or with Lehman Brothers. Accordingly, Plaintiffs' claims fall within the scope of the agreement to arbitrate.

Under the plain terms of the FAA and the binding precedents, Plaintiffs are required to arbitrate their claims against Lehman Brothers. Further, Section 3 of the FAA provides that the Court must stay any suit or proceeding until arbitration has been completed if the action concerns "any issue referable to arbitration under an agreement in writing for such arbitration." 9 U.S.C. § 3.

The Court should thus stay this action and compel Plaintiffs' claims to arbitration.

### Conclusion

For the foregoing reasons, the Court should grant defendant Lehman Brothers, Inc.'s motion in its entirety, and issue an order staying Plaintiffs' claims against Lehman Brothers and compelling them to arbitration.

KREBSBACH & SNYDER, P.C.

BY: _____
Theodore A. Krebsbach (TAK-2041)
Theodore R. Snyder (TRS-6376)

One Exchange Plaza
55 Broadway, Suite 1600
New York, NY 10006
(212) 825-9811