UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| DR. IRAKLI GLONTI AND<br>DAVID DATESHIDZE,<br><br>       Plaintiffs,<br><br>v.<br><br>LEHMAN BROTHERS, INC. AND<br>RBC DAIN RAUSCHER, INC.,<br><br>       Defendants. | Civil Action No. 07-CV-10975<br><br>Hon. Colleen McMahon, U.S.D.J.<br><br>**Oral Argument Requested**<br>**Document Electronically Filed** |

---

# MEMORANDUM OF LAW OF RBC DAIN RAUSCHER, INC. IN SUPPORT OF MOTION TO COMPEL ARBITRATION AND STAY PROCEEDING

---

                   BRESSLER, AMERY & ROSS
                   A Professional Corporation
                   17 State Street
                   New York, New York 10004
                   (212) 425-9300
                   Attorneys for Defendant
                   RBC Dain Rauscher, Inc.

On the Brief:

   Brian F. Amery (BFA 7144)

## TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES ................................................................................................... iiii

PRELIMINARY STATEMENT .................................................................................................1

STATEMENT OF FACTS ..........................................................................................................1

LEGAL ARGUMENT .................................................................................................................4

POINT I ........................................................................................................................................4

    PLAINTIFFS' CLAIMS AGAINST RBC DAIN RAUSCHER SHOULD BE COMPELLED TO ARBITRATION IN ACCORDANCE WITH THE CLIENT STANDARD ACCOUNT AGREEMENT………………………………………….....4

POINT II ...................................................................................................................................... 7

    THIS COURT MUST STAY THIS PROCEEDING PENDING ARBITRATION. ............................................................................................................. 7

CONCLUSION............................................................................................................................ 8

# TABLE OF AUTHORITIES

**CASES**                                                                        **PAGE**

### Federal Cases

Brown v. Gilligan, Will and Co.,
  287 F. Supp. 766, 770 (S.D.N.Y. 1982) ................................................................. 5

Dean Witter Reynolds, Inc. v. Byrd,
  470 U.S. 213, 105 S.Ct. 1238, 84 L.Ed.2d 158 (1985) ....................................... 6, 7, 8

Kramer v Hammond,
  943 F.2d 176, 178 (2d Cir. 1991) ............................................................................ 5

Kribs v. Bache, Halsey, Stuart, Shields, Inc.,
  No. 82-CV-5794, 1982 WL 1360 (S.D.N.Y. 1982) ................................................. 4

Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.,
  460 U.S. 1, 103 S.Ct. 927, 74 L. Ed. 2d 765 (1983) ............................................. 5, 7

Robinson v. Bache & Co.,
  227 F. Supp. 456, 458 (S.D.N.Y. 1964) ................................................................... 4

Rodriguez de Quijas v. Shearson/Lehman Bros.,
  845 F.2d 1296 (5th Cir.) aff'd, 490 U.S. 477, 109 S.Ct. 1917, 104 L. Ed. 2d 526 (1989) ...... 6, 7

Shearson/American Express, Inc. v. McMahon,
  482 U.S. 220, 107 S.Ct. 2332, 96 L. Ed. 2d 185 (1987) ....................................... 6, 7

S.A. Mineracao da Trindade-Samitri v. Utah Int'l, Inc.,
  745 F.2d 190, 194 (2d Cir. 1984) ............................................................................ 6

### State Cases

Smith Barney Shearson Inc. v. Sacharow,
  91 N.Y.2d 39, 46, 689 N.E.2d 884 (1997) ............................................................... 5

### Federal Statutes

15 U.S.C. § 78j(b) ........................................................................................................ 3

15 U.S.C. § 78t(a) ....................................................................................................... 3

18 U.S.C. § 1962(c) .................................................................................................... 3

9 U.S.C. § 1 ................................................................................................................. 4

9 U.S.C. § 2 ............................................................................................................................. 4

9 U.S.C. § 3 ..................................................................................................................... 1, 7, 8

9 U.S.C. § 4 ........................................................................................................................ 1, 5

**Federal Regulations**

17 C.F.R. § 240.10b-5 ............................................................................................................ 3

## PRELIMINARY STATEMENT

Defendant RBC Dain Rauscher, Inc. ("RBC Dain Rauscher") submits this Memorandum in support of its motion to compel the claims of Dr. Irakli Glonti and David Dateshidze ("Plaintiffs") to arbitration pursuant to 9 U.S.C. § 4 and to stay this action pending completion of the arbitration pursuant to 9 U.S.C. § 3. Each Plaintiff executed an account agreement mandating that they arbitrate with RBC Dain Rauscher the controversies alleged in their Complaint. Accordingly, this Court should order Plaintiffs' claims to arbitration and stay this action pending completion of the arbitration.

## STATEMENT OF FACTS

Each Plaintiff maintained one account with RBC Dain Rauscher. In connection with Account No. 34443193, Plaintiff Glonti executed a Client Standard Account Agreement ("Account Agreement") on or about June 7, 2003. In connection with Account No. 24555605, Plaintiff Dateshidze executed an Account Agreement on or about May 19, 2003. See Affidavit of Richard J. Franchella ("Franchella Aff."), ¶¶ 2-4, Ex. A and B.

The Account Agreements contain arbitration provisions and arbitration acknowledgements. Specifically, the signature page of the Account Agreement signed by each Plaintiff states in bold-faced type:

> **I understand that my Standard Account is subject to the terms and conditions of the Standard Account Agreement.**
>
> **I have received and reviewed a copy of the Standard Account Agreement.**

The signature page to the Account Agreement also provides, in bold-faced type and capital letters:

> **THIS AGREEMENT CONTAINS A PRE-DISPUTE ARBITRATION CLAUSE IN SECTION 18 ON PAGE 3.**

Franchella Aff., ¶ 5, Ex. A and B.

Although RBC Dain Rauscher's document retention policies provide for the imaging and storage of only the signature pages of the Account Agreements executed by Plaintiffs (<u>See</u>, Ex. A and B to the Franchella Aff.), a copy of the full Account Agreements signed by Plaintiffs is attached to the Franchella Aff. as Ex. C.

Paragraph 17 on the third page of the Account Agreement, entitled "**Arbitration Disclosures**," states in bold-faced type and capital letters:

> - **ARBITRATION IS FINAL AND BINDING ON THE PARTIES**
>
> - **THE PARTIES ARE WAIVING THEIR RIGHT TO SEEK REMEDIES IN COURT, INCLUDING THE RIGHT TO JURY TRIAL.**

Further, paragraph 18 provides in relevant part:

> YOU AGREE THAT <u>ALL CONTROVERSIES THAT MAY ARISE BETWEEN YOU AND RBC DAIN CONCERNING ANY TRANSACTION(S), OR THE CONSTRUCTION, PERFORMANCE, OR BREACH OF THIS OR ANY OTHER AGREEMENT OR BETWEEN YOU AND RBC DAIN PERTAINING TO SECURITIES AND OTHER PROPERTY, WHETHER ENTERED INTO PRIOR, ON OR SUBSEQUENT TO THE DATE HEREOF, SHALL BE DETERMINED BY ARBITRATION</u>. ANY ARBITRATION UNDER THIS AGREEMENT SHALL BE CONDUCTED PURSUANT TO THE FEDERAL ARBITRATION ACT AND THE LAWS OF THE STATE DESIGNATED IN SECTION 16 BEFORE THE NEW YORK STOCK EXCHANGE, INC. OR THE ARBITRATION FACILITY PROVIDED BY ANY OTHER EXCHANGE OF WHICH RBC DAIN IS A MEMBER, OR THE NATIONAL ASSOCIATION OF SECURITIES DEALERS, INC. OR THE MUNICIPAL SECURITIES RULEMAKING BOARD, AND IN ACCORDANCE WITH THE RULES OBTAINING OF THE SELECTED ORGANIZATION.... THE AWARD OF THE

> **ARBITRATORS, OR OF THE MAJORITY OF THEM, SHALL BE FINAL, AND JUDGMENT UPON THE AWARD RENDERED MAY BE ENTERED IN ANY COURT, STATE OR FEDERAL, HAVING JURISDICTION THEREOF.**

Franchella Aff., ¶¶ 7-8, Ex. C. (emphasis added).

On or about December 4, 2007, Plaintiffs filed the instant action. The Complaint alleges that RBC Dain Rauscher, through its registered representative Frank Foerster ("Foerster"), permitted unsuitable investments, unauthorized and excessive trading, and unauthorized transactions in Plaintiffs' Accounts, thereby giving rise to causes of action for fraud, fraudulent concealment, breach of fiduciary duty, failure to supervise, negligent misrepresentation, negligence, gross negligence, misappropriation and conversion of funds, as well as violations of the Racketeering Influenced and Corrupt Organization Act, 18 U.S.C. § 1962(c), violations of the Securities Exchange Act of 1934, 15 U.S.C. § 78j(b) and Rule 10b-5 promulgated thereunder, 17 C.F.R. § 240.10b-5, as well as violations of § 20(a) the Securities Exchange Act of 1934, 15 U.S.C. § 78t(a). Compl. ¶¶ 466-575.

There is no doubt that Plaintiffs' claims against RBC Dain Rauscher arise out of and concern transactions in their Accounts, the performance and alleged breach of the parties' agreements, and/or transactions pertaining to securities and other property. As such, the terms of the Account Agreement mandate that such claims be arbitrated. Accordingly, the motion should be granted.

## LEGAL ARGUMENT

## POINT I

### PLAINTIFFS' CLAIMS AGAINST RBC DAIN RAUSCHER SHOULD BE COMPELLED TO ARBITRATION IN ACCORDANCE WITH THE CLIENT STANDARD ACCOUNT AGREEMENT.

The Plaintiffs' claims against RBC Dain Rauscher fall squarely within the scope of a valid arbitration agreement between them and RBC Dain Rauscher, as contained in the Account Agreement each of them signed. Accordingly, these claims should be compelled to arbitration and this action stayed pending completion of the arbitration.

**A.  The Arbitration Agreements Are Governed by the Federal Arbitration Act.**

The Federal Arbitration Act, 9 U.S.C. § 1, et seq. (1970) (the "FAA") governs the enforceability of the Account Agreement signed by each Plaintiff. The FAA applies to all contracts evidencing a transaction involving commerce. Section 2 of the FAA, 9 U.S.C. § 2, provides in relevant part:

> A written provision in any maritime transaction where a contract evidencing a transaction involving commerce to settle by arbitration a controversy thereafter arising out of such contract or transaction ... shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract.

The agreements at issue herein are account agreements for securities brokerage accounts. Similar securities brokerage account agreements have consistently been held to involve commerce. See Robinson v. Bache & Co., 227 F. Supp. 456, 458 (S.D.N.Y. 1964) (holding customer's margin and lending agreement with brokerage firm evidenced a "transaction involving commerce" within the Federal Arbitration Act, 9 U.S.C. § 2); Kribs v. Bache, Halsey, Stuart, Shields, Inc., No. 82-CV-5794, 1982 WL 1360 (S.D.N.Y. 1982) ("courts have long held this [Arbitration] Act applicable to arbitration agreements relating to brokerage accounts.");

Brown v. Gilligan, Will and Co., 287 F. Supp. 766, 770 (S.D.N.Y. 1982) (holding a contract to arbitrate disputes between broker dealer firms registered with the Securities and Exchange Commission and member firms of stock exchange evidenced a "transaction involving commerce."). Therefore, the Account Agreements executed by Plaintiffs, including the arbitration provisions contained therein, are governed by the FAA.

B. **Plaintiffs' Claims Are Within the Scope of the Arbitration Agreements.**

Section 4 of the FAA, 9 U.S.C. § 4, authorizes the district court to order a recalcitrant party to arbitrate a controversy pursuant to the terms of a written arbitration agreement. The statute provides in relevant part:

> A party aggrieved by the alleged failure, neglect or refusal of another to arbitrate under a written agreement for arbitration may petition any United States district court which, save for such agreement, would have jurisdiction under Title 28, in a civil action or in admiralty of the subject matter of a suit arising out of the controversy between the parties, for an order directing that such arbitration proceed in the manner provided for in such agreement.

The FAA, as well as New York law, reflects the strong public policy favoring arbitration of disputes - a policy that requires that any doubt be resolved in favor of arbitration. See, Smith Barney Shearson Inc. v. Sacharow, 91 N.Y.2d 39, 46, 689 N.E.2d 884 (1997); Kramer v Hammond, 943 F.2d 176, 178 (2d Cir. 1991) (there is a strong presumption in favor of arbitration). As the United States Supreme Court stated in Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp., 460 U.S. 1, 103 S.Ct. 927, 74 L. Ed. 2d 765 (1983):

> The Arbitration Act establishes that, as a matter of federal law, any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration, whether the problem at hand is the construction of the contract language itself or an allegation of waiver, delay, or a like defense to arbitrability.

Id. at 25-26; S.A. Mineracao da Trindade-Samitri v. Utah Int'l, Inc., 745 F.2d 190, 194 (2d Cir. 1984) (holding that "arbitration should be ordered 'unless it may be said with positive assurance that the arbitration clause is not susceptible of an interpretation that covers the asserted dispute.'").

In the instant matter, there is no doubt that the claims alleged in the Complaint fall within the scope of the arbitration provisions contained in the Account Agreement. The Complaint alleges, among other things, that RBC Dain Rauscher permitted unsuitable investments, unauthorized and excessive trading, and unauthorized transactions to occur in Plaintiffs' investment Accounts. All of Plaintiffs' claims necessarily arise out of and relate to Plaintiffs' accounts, transactions in the accounts, and the performance and alleged breach of the parties' agreements. Therefore, Plaintiffs' claims are properly subject to arbitration pursuant to the terms of the Account Agreement.

The United States Supreme Court has emphasized a strong preference for arbitration, particularly in the context of broker-customer disputes involving securities accounts. See, Rodriguez de Quijas v. Shearson/Lehman Bros., 845 F.2d 1296 (5th Cir.) aff'd, 490 U.S. 477, 109 S.Ct. 1917, 104 L. Ed. 2d 526 (1989); Shearson/American Express, Inc. v. McMahon, 482 U.S. 220, 107 S.Ct. 2332, 96 L. Ed. 2d 185 (1987); Dean Witter Reynolds, Inc. v. Byrd, 470 U.S. 213, 105 S.Ct. 1238, 84 L.Ed.2d 158 (1985) ("By its terms, the [Arbitration] Act leaves no place for the exercise of discretion by a district court, but instead mandates that district courts shall direct the parties to proceed to arbitration on issues as to which an arbitration agreement has been signed"). Id. at 218.

McMahon is perhaps the seminal United States Supreme Court case enforcing the arbitrability of securities disputes. In McMahon, the Court reasoned that "the Arbitration Act thus establishes a 'federal policy favoring arbitration,' requiring that 'we rigorously enforce

agreements to arbitrate.'" McMahon, 482 U.S. at 226 (quoting respectively, Moses H. Cone, 460 U.S. at 24; Byrd, 470 U.S. at 221.).

In Rodriguez, the Supreme Court affirmed the lower court's decision that an arbitration clause was enforceable. Rodriguez involved securities investors who signed a standard customer agreement which included a provision requiring account disputes to be resolved through binding arbitration. The Court of Appeals held that a pre-dispute agreement to arbitrate claims under the Securities Act of 1933 was enforceable and did not require resolution of the claims in a judicial forum. To support its holding, the court relied on McMahon, stressing the strong federal policy favoring arbitration. Rodriguez, 845 F.2d at 1297-99.

Applying the foregoing case law to the instant matter, the arbitration provisions contained in the Account Agreements constitute valid and enforceable agreements to arbitrate. By executing the Account Agreements, Plaintiffs expressly agreed to submit to arbitration all controversies arising with RBC Dain Rauscher concerning transactions in their Accounts, the performance and alleged breach of the parties' agreements, and/or transactions pertaining to securities and other property. Clearly, that is binding on Plaintiffs and should be enforced.

## POINT II

### THIS COURT MUST STAY THIS PROCEEDING PENDING ARBITRATION

As Plaintiffs' claims against RBC Dain Rauscher are arbitrable, § 3 of the FAA, 9 U.S.C. § 3, requires this Court to stay this proceeding as to RBC Dain Rauscher and order to arbitration of Plaintiffs' claims against RBC Dain Rauscher. Section 3 provides in relevant part that:

> If any suit or proceeding be brought in any of the courts of the United States upon any issue referable to arbitration under an agreement in writing for such arbitration, the court in which such suit is pending, upon being satisfied that the issued involved in such suit or proceeding is referable to arbitration under such an agreement, shall

> on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement.

This section does not vest discretionary authority in a court to decide whether or when to stay an action and order arbitration. Rather, the court need only satisfy itself that "the issue involved in such suit or proceeding is referable to arbitration under such an agreement." Id. Once that determination has been made, the court is required to compel arbitration and stay the action. Dean Witter Reynolds, Inc. v. Byrd, 470 U.S. 213, 218 (1985) (explaining that the FAA mandates that district courts "shall direct the parties to proceed to arbitration on issues as to which an arbitration agreement has been signed.").

Accordingly, this Court must stay this proceeding against RBC Dain Rauscher and order Plaintiffs' claims against RBC Dain Rauscher to arbitration pursuant to the Account Agreement containing the arbitration clause, and applicable case law.

## CONCLUSION

For the foregoing reasons, it is respectfully requested that this Court compel arbitration of all of Plaintiffs' claims against RBC Dain Rauscher and stay the litigation of this action pending completion of the arbitration.[1]

Dated: New York, New York
January 4, 2008

Respectfully submitted,

BRESSLER, AMERY & ROSS, P.C.
Attorneys for Defendant
RBC Dain Rauscher, Inc.

By: _____/s/ Brian F. Amery_____
Brian F. Amery (BFA 7144)

---

[1] It is RBC Dain Rauscher's understanding that Defendant Lehman Brothers Inc. will also be filing a motion to compel arbitration and stay this proceeding.

884547v2                                    8